## KNOCHE *v.* CHICAGO, M. & ST. P. RY. CO.

*(Circuit Court, W. D. Missouri, W. D.*   January 13, 1888.)

ARBITRATION AND AWARD—AGREEMENTS TO SUBMIT—VALIDITY.

    An agreement by an owner of land sought to be taken by a railway company for right of way, to submit to arbitration the amount of compensation to be paid therefor, is valid, and binding upon the parties.

At Law.   On motion to strike out portion of defendant's answer.

This is an action brought by John P. Knoche against the Chicago, Milwaukee & St. Paul Railway Company, for damages for the taking of his land by defendant company for right of way purposes, under an alleged verbal agreement to which plaintiff consented to the entry upon defendant's promise to pay the damages sustained.   The answer, among other defenses, alleged:

"And for a second and further amended answer to said petition the defendant admits that it is a corporation created and existing under and by virtue of the laws of the state of Wisconsin, and that it is engaged in the construction of a bridge across the Missouri river, and of a railroad, as in said petition alleged.   Defendant further says that it has constructed its road across the portion of said plaintiff's land described in said petition, but that it has so constructed the same by and with the full knowledge and consent of plaintiff; that in the summer of 1886, and after said defendant had located its line over plaintiff's land, and set the stakes designating the same, one William B. Chamberlain and one J. W. Nier called upon plaintiff in regard to the right of way for defendant's railway across the said lands of said plaintiff; showed him where said line of defendant's road was located through said land; that the construction of said road over the same would enhance the value of the balance of plaintiff's land not taken for right of way, and would be of advantage and benefit to him; that said plaintiff thereupon agreed with said Chamberlain and said Nier that defendant might proceed with the construction of its railroad across his said lands; and that, if he could not agree in the future with defendant upon the proper and just compensation to be paid for said land taken for right of way, and the damages, if any, to the balance of his land not taken, he would select a person and defendant might select another to fix upon the amount of such compensation and damages, and, in case they failed to agree, that he would then resort to the courts to fix the same; that, relying upon said agreement, defendant proceeded to and did lay down its tracks over and across the land of plaintiff, and took and appropriated a strip of land one hundred feet in width across and through the same for a right of way for its railroad; that said plaintiff, in disregard and violation of his said agreement, never sought to agree with defendant upon the proper compensation and damages to be paid him by reason of the taking of said land for right of way, and has never selected or asked defendant to select an arbitrator to fix said amount, although said defendant has always been ready and willing to endeavor to agree with plaintiff upon the amount to be so paid, or, in case of failure to agree, to select an arbitrator who, together with one to be so selected by said plaintiff, might fix said amount."

The plaintiff, by consent, orally moved to strike out the foregoing portion of the answer.

*Brown, Chapman & Brown,* for plaintiff.

*C. W Blair* and *Pratt, McCrary, Ferry & Hagerman,* for defendant.

THAYER, J., (*orally*.)  A clause in a contract agreeing generally to submit all of the questions that might arise under the contract to arbitration, is void; the same being against public policy, because the effect is to oust the jurisdiction of the courts.   Nevertheless, it is competent for parties to stipulate in a contract that the value of property contracted to be sold or delivered shall be ascertained or fixed by arbitrators chosen for such purpose.   Such special stipulations in contracts, relating to the manner in which the value of things forming the subject-matter of the contract shall be ascertained, are valid.   In the latter class of cases, parties cannot ignore the stipulation and sue on the contract; they must at least make an effort to have the value of the thing ascertained according to the stipulations in the agreement, before suit can be maintained. Motion overruled.